# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:15-CV-07736 (VEB)

LISA ANN REDKEY,

               Plaintiff,

vs.

NANCY BERRYHILL, Acting
Commissioner of Social Security,

               Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In March of 2012, Plaintiff Lisa Ann Redkey applied for Disability Insurance benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorneys, Rohlfing & Kalagian, LLP, Laura E. Krank, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9, 10, 17). On February 27, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 17).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits on March 12, 2012, alleging disability beginning July 18, 2008. (T at 160-68).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On April 29, 2014, a hearing was held before ALJ Elizabeth R. Lishner. (T at 35). Plaintiff appeared with her attorney and testified. (T at 39-51). The ALJ also received testimony from Gail Maron, a vocational expert. (T at 51-58).

On June 5, 2014, the ALJ issued a written decision denying the application for benefits. (T at 14-34). The ALJ's decision became the Commissioner's final

[2] Citations to ("T") refer to the administrative record at Docket No. 14.

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

decision on August 3, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On October 1, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on April 26, 2016. (Docket No. 12). The parties filed a Joint Stipulation on June 30, 2016. (Docket No. 15).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be remanded for further proceedings.

### III. DISCUSSION

#### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.   Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since July 18, 2008, the alleged onset date, and met the insured status requirements of the Social Security Act through June 30, 2014 (the "date last insured"). The ALJ found that Plaintiff's bipolar disorder, post-traumatic stress disorder, degenerative disc disease of the cervical spine, right shoulder strain, right wrist strain, lumbosacral sprain and strain, chondromalacia patella of the right knee, right hearing loss, and asthma were "severe" impairments under the Act. (Tr. 19).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 20).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567 (b), including lifting up to 20 pounds occasionally and 10 pounds frequently; standing/walking up to 6 hours in an 8-hour workday; and sitting up to 6 hours in an 8-hour workday; with the following limitations: frequent bending, stooping, and handling/fingering bilaterally; avoiding concentrated exposure to irritants; no exposure to heavy machinery or hazards; no noise higher than an office setting; nothing more than simple repetitive tasks; no public contact or more than frequent contact with co-workers and supervisors; no more than occasional changes in the workplace; and no production rate work. (T at 21-22).

The ALJ found that Plaintiff could not perform her past relevant work as a parking enforcement officer. (T at 28). Considering Plaintiff's age (46 years old on the alleged onset date), education (at least high school), work experience (no past relevant work), and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 29-30).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between July 18, 2008 (the alleged onset date) and June 5, 2014 (the date of the decision) and was therefore not entitled to benefits.

(T at 30). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 15, at p. 4), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, Plaintiff contends that the ALJ did not appropriately weigh the medical opinion evidence.  Second, she challenges the ALJ's credibility determination.  This Court will address both arguments in turn.

## IV. ANALYSIS

**A.    Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons

that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

### 1.    Dr. Pratty & Dr. Shoemaker

Dr. James Pratty, Plaintiff's treating psychiatrist, provided two assessments of work-related limitations arising from Plaintiff's mental health impairments. In December of 2011, Dr. Pratty diagnosed bipolar disorder and post-traumatic stress

disorder. (T at 541). He assigned a Global Assessment of Functioning ("GAF")

score[3] of 52 (T at 541), which is indicative of moderate symptoms or difficulty in

social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-

1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008).

Dr. Pratty described Plaintiff as "temporarily totally disabled." (T at 541). He

assessed moderate limitation with regard to Plaintiff's ability to relate and interact

with supervisors, co-workers, and the public; moderate limitation as to complex or

technical job instructions; mild limitation with respect to simple one or two step

instructions; and mild to moderate limitation as to maintaining concentration and

attention for at least 2-hour increments and withstanding the stress of an 8-hour

workday. (T at 540).

In a May 28, 2013 report, Dr. Pratty diagnosed bipolar disorder (permanent

and stationary) and post-traumatic stress disorder (permanent and stationary). (T at

522). He assessed mild limitation as to Plaintiff's ability to relate and interact with

supervisors and co-workers; moderate limitation with regard to complex or technical

instructions and dealing with the public; mild limitation as to understanding,

remembering, and carrying out simple one or two step-instructions and maintaining

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

attention for at least two-hour increments; mild to moderate limitation as to withstanding the stress of an 8-hour workday. (T at 521). Dr. Pratty assigned a GAF score of 55. (T at 522). He described Plaintiff as "disabled" and recommended that she apply for SSI benefits. (T at 523).

In July of 2012, Dr. Jerad Shoemaker conducted a consultative psychiatric evaluation. Dr. Shoemaker diagnosed post-traumatic stress disorder and bipolar disorder NOS. (T at 448). He assigned a GAF score of 65 (T at 448), which is indicative of mild symptoms. *See Wright v. Astrue*, CV-09-164, 2010 U.S. Dist. LEXIS 53737, at *27 n. 7 (E.D. Wa. June 2, 2010).

Dr. Shoemaker opined that Plaintiff would have mild limitation with regard to simple or more detailed instructions; marked limitations with respect to concentration, attendance, and persistence; moderate limitations performing activities within a schedule; marked limitation completing a normal workday/workweek without interruptions from psychiatrically-based symptoms; and moderate limitations responding appropriately to changes in the work setting. (T at 448). He characterized Plaintiff's prognosis as "fair." (T at 449).

The ALJ found that Plaintiff's PTSD and bipolar disorder were severe impairments. (T at 19). The ALJ assessed moderate difficulties with regard to social functioning and the ability to maintain concentration, persistence, or pace. (T at 21).

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

She concluded that Plaintiff retained the RFC to perform simple repetitive tasks, with no public contact, only frequent contact with co-workers and supervisors, only occasional changes in the workplace, and no production rate requirements. (T at 22).

The ALJ gave Dr. Shoemaker's report "limited weight," concluding that the consultative examiner's assessment of marked limitations was inconsistent with his clinical findings (which were generally normal) and GAF score (which indicated only mild symptoms). (T at 27). The ALJ gave "considerable" weight to Dr. Pratty's findings, characterizing them as "consistent" with the RFC determination. (T at 28).

Plaintiff challenges the ALJ's consideration of this evidence, noting that Dr. Pratty's assessments of moderate limitations were rendered in the workers' compensation context and that, in that context, the descriptor "moderate" refers to a marked level of impairment.

It is well-settled that an ALJ may not disregard a physician's medical opinion simply because it was rendered in the context of a workers' compensation claim or proceeding and/or because workers' compensation terminology is used. *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002). However, "[p]roper evaluation of such medical opinions … does present an extra challenge." *Id.* at 1106. The ALJ is obliged to "translate" the workers' compensation findings into the

applicable Social Security terminology "in order to accurately assess the implications of those opinions for the Social Security disability determination." *Id.* (citing *Desrosiers v. Sec. of Health & Human Srcvs.*, 846 F.2d 573, 576 (9th Cir. 1988)).

Although the "translation" need not be explicit, the decision "should at least indicate that the ALJ recognized the differences between the relevant state workers' compensation terminology, on the one hand, and the relevant Social Security disability terminology, on the other hand, and took those differences into account in evaluating the medical evidence." *Id.*

This Court finds that the ALJ did not adequately translate Dr. Pratty's findings. The ALJ referenced, in general terms, the fact that Dr. Pratty's assessments were rendered in the workers' compensation context. (T at 28). However, the ALJ's reference appears to have been primarily addressed to the point that she was not bound by Dr. Pratty's determination that Plaintiff was "disabled." (T at 28). While technically correct[4], this does not address the main issue – *i.e.* the translation of Dr. Pratty's assessment from workers' compensation terminology into

---

[4] *See* 20 C.F.R. §404.1527(d)(3), § 404.1527(d)(1); SSR 96-5p, *Ram v. Astrue*, 2012 U.S. Dist. LEXIS 183742 (C.D. Cal. Nov. 30, 2012) ("a treating physician's opinion regarding the ultimate issue of disability is not entitled to any special weight"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that treating physician's opinion is not binding on the ultimate determination of disability).

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

the Social Security disability framework. On that score, there is simply nothing in the decision to indicate that the ALJ accounted for the fact that Dr. Pratty's assessment of "moderate" limitations may actually, in the workers' compensation context, have been meant to convey a level of limitation considered "marked" for Social Security disability purposes. The inadequacy of this analysis also leads to doubts about the ALJ's consideration of the report of the consultative examiner, Dr. Shoemaker. If Dr. Pratty (the treating physician) is understood to be assessing marked limitations, Dr. Shoemaker's finding of similar levels of limitations now becomes consistent with the treating physician's opinions and thus would be entitled to greater weight.

While recognizing that it is the role of the Commissioner to resolve conflicts in evidence, *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), this Court does not have confidence that the ALJ understood the nuance of Workers' Compensation terminology and conducted the legally required "translation." In other words, it is not clear from the decision that Dr. Pratty's findings were actually translated to account for the relevant differences between that terminology and the language of Social Security disability. There is strong reason to believe Dr. Pratty was attempting to convey marked limitations and a level of impairment consistent with limitations considered disabling in the Social Security context. While the ALJ

was not necessarily bound to accept that conclusion, she was bound to account adequately for that possible interpretation before finding Dr. Pratty's opinion "consistent" with her RFC determination and before relying on that opinion to support a conclusion that Plaintiff is not disabled. Because that accounting is lacking here and there is doubt as to whether the legally required translation was performed, a remand is required.

### 2. Dr. Marinow

Dr. Marinow, another treating physician, provided an assessment dated September 30, 2009, wherein he opined that Plaintiff could not perform her past relevant work, could alternate sitting and standing 4 hours per day, could not sit for more than 1-2 hours without a 15 minute break, could not stand for more than 30-60 minutes without a 10 minute sitting break, and could not walk for more than 30-45 minutes. (T at 357). The ALJ afforded "little weight" to this opinion, finding it unsupported by medical evidence and contradicted by Plaintiff's activities of daily living. (T at 27).

This Court finds the ALJ's decision to discount Dr. Marinow's opinion supported by substantial evidence and consistent with applicable law. First, the opinion is conclusory and lacks reference to supporting clinical findings or evidence. In particular, Dr. Marinow's report consists of only two handwritten sentences, in

which the physician opines as to Plaintiff's limitations without explaining how he arrived at those limitations, what conditions create them, and what clinical evidence the physician relies on to support his conclusions. The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Moreover, the ALJ noted that the treating record contradicted Dr. Marinow's severe findings. In particular, Plaintiff did not have any documented problems with ambulation, imaging studies were generally unremarkable, and the clinical findings were not consistent with severe limitations. (T at 26-27). *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Second, the opinion is contradicted by two assessments from examining physicians. Dr. David Kim, performed an independent medical examination in June of 2009. Dr. Kim concluded that Plaintiff should avoid lifting/pushing/pulling greater than 30 pounds, avoid bending or stooping for more than 75% of the workday, and avoid repetitive forceful grasping with her right hand/wrist. (T at 329). He did not assess any limitation with regard to Plaintiff's ability to sit or stand.

Dr. Concepcion Enriquez performed a consultative examination in July of 2012. Dr. Enriquez concluded that Plaintiff could occasionally lift/carry 50 pounds and frequently lift/carry 25 pounds; stand/walk with normal breaks for 6 hours in an 8-hour work day; and sit with normal breaks for 6 hours in an 8-hour workday. (T at 554). Dr. Enriquez opined that Plaintiff should avoid unprotected heights, the operation of dangerous machinery, temperature extremes, and environmental irritants. (T at 553). Dr. Enriquez found that Plaintiff could engage in frequent bending/stooping/twisting, above-the-shoulder lifting/pulling/pushing, and handling/grasping/fingering. (T at 554).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Marinow's opinion. However, as noted above, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

Here, Dr. Marinow's assessment was conclusory and the ALJ's decision to discount that assessment was supported by substantial evidence (including detailed findings from two examining physicians) and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**3.     Obesity**

Plaintiff also argues that the ALJ erred by not specifically accounting for her morbid obesity. There is no dispute that Plaintiff is, in fact, morbidly obese and the ALJ's decision does not contain any discussion of that fact, which does constitute error on her part. However, it is well-settled that such an error is harmless where, as here, the ALJ credited the opinion of a physician (Dr. Enriquez) who considered Plaintiff's obesity in assessing her functional limitations and where, as here, there is no specific evidence of additional functional limitations arising from Plaintiff's obesity (as opposed to her other impairments). *See Burch v. Barnhart*, 400 F.3d 676, 681-83 (9th Cir. 2005); *Nicholson v. Astrue*, No. CIV S-07-364, 2008 U.S. Dist. LEXIS 23875, at *9-10 (E.D. Cal. Mar. 26, 2008). Thus, this Court finds no reversible error as to this aspect of the ALJ's decision.

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

With that said, although this is not an independent ground for remand, the case is being remanded for other reasons as outlined herein. On remand, the ALJ should certainly address the issue of obesity in an explicit way.

## B.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

In this case, Plaintiff claims to be disabled due to mental illness; a neck injury; lower back injury; problems with her wrist, hands, right knee, ankle, and hip; hearing loss; and asthma. (T at 60).  She cannot sit or stand comfortably for longer than 30 minutes. (T at 50).  She is 5'6" and weights about 250 pounds. (T at 50). She struggles with excessive worry, paranoia, depression, and racing thoughts. (T at 49).  She finds herself unable to leave the house 4 or 5 days per week. (T at 49-50). Sitting is limited to 30-45 minutes and walking is limited to 15 minutes. (T at 44). Laundry is difficult, but Plaintiff is able to prepare simple meals. (T at 44).  She struggles with concentration and needs to take breaks when performing tasks or watching a movie. (T at 237).  Stress and routine changes cause problems. (T at 233).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 26).

This Court finds that the ALJ's credibility determination will need to be revisited on remand.  First, the ALJ did not adequately consider the opinions of Dr. Pratty and Dr. Shoemaker, which arguably supported Plaintiff's claims of disabling mental health limitations.  In particular, the ALJ found that Plaintiff's complaints

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

were contradicted by her "treating doctors' records," which the ALJ believed supported the RFC determination. However, as outlined above, it is not clear whether the ALJ translated Dr. Pratty's assessments from Workers' Compensation terminology to the Social Security disability context. Thus, after revisiting that issue on remand, the ALJ will need to reconsider Plaintiff's credibility.

Second, it is not clear whether the ALJ accounted for Plaintiff's excellent work record (T at 189) when assessing her claims. *Pazos v. Astrue*, No. 08-6882, 2009 U.S. Dist. LEXIS 33970, at *29 (Cal. C.D. Mar. 30, 2009).

Plaintiff's credibility should therefore be reassessed on remand.

## C.  Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted.  This Court is not prepared to say that the only possible translation of Dr. Pratty's opinion, or the only reasonable interpretation of the evidence as a whole, is that Plaintiff is

disabled within the meaning of the Social Security Act. Dr. Pratty did assign a GAF score consistent with only moderate symptoms; Dr. Shoemaker assigned a GAF score indicating mild symptoms. A remand is required because it is not clear that the ALJ recognized and fulfilled her duty to translate the Workers' Compensation terminology, but this does not necessarily lead to a finding of disability at this point. As such, a remand for further proceedings is the appropriate remedy. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this action for further proceedings, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees.

DATED this 11th day of September, 2017,


_/s/Victor E. Bianchini_
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – REDKEY v BERRYHILL 2:15-CV-00736-VEB